## Whitehouse v. Whitehouse et al.

*Equity — Cancellation of deed — Taxing costs — Counsel fees — Acts of assembly—Rules of court.*

The acts of assembly and the equity rules do not give authority for taxing counsel fees as costs in a bill filed for the cancellation of a deed.

Rule to tax counsel fees as costs. C. P. Allegheny Co., April T., 1924, No. 719.

Before Ford, Rowand and Douglass, JJ.

*M. Z. Buckley* and *R. H. Frank*, for plaintiff.

*L. C. Barton, Wright & Rundle, R. W. Allison* and *W. C. McDougall*, for defendants.

DOUGLASS, J.—This matter comes before the court upon a rule to show cause why the compensation and fees of Wright & Rundle, as attorneys for the Monongahela Trust Company in the above entitled case, should not be fixed and taxed as part of the costs in this case. This was a bill in equity for a cancellation of a certain deed, and the Monongahela Trust Company was named as one of the defendants.

From the facts it appears that the Monongahela Trust Company had taken a mortgage upon the property in controversy, known as the Fourteenth Ward Property, and that shortly thereafter a controversy arose as to who was the real owner of the property. This bill in equity was filed for the purpose of having a certain deed canceled, and the Monongahela Trust Company simply kept the proceeds of the mortgage in their own hands until such time as this equity case would be determined. A careful examination of the acts of assembly and the equity rules discloses no authority whatever for taxing counsel fees in this case as part of the costs, and for that reason the rule must be discharged.

From William J. Aiken, Pittsburgh, Pa.